IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> vs.  ) <br> ) <br> TOMMY C. WHITESEL,  ) <br> ) <br> Defendant.  ) | 8:05CR244 <br><br> MEMORANDUM AND ORDER |

This matter is before the court on defendant's objections, Filing No. 27, to the report and recommendation of Magistrate Judge Thomas D. Thalken, Filing No. 24. The magistrate judge recommended that defendant's motion to dismiss, Filing No. 14, be denied. Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report and recommendation to which the defendant objects. Accordingly, the court has reviewed the record and briefs, including the transcript of the hearing on the motion. The court concludes that the defendant's objections should be overruled and that the report and recommendation of the magistrate judge should be adopted in its entirety.

The defendant is charged with being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). The defendant filed a motion to dismiss and the magistrate judge conducted a hearing. Nebraska State Patrol Investigator Jamey Balthazor (Investigator Balthazor) testified at the hearing. After the hearing, the magistrate judge recommended that the defendant's motion to dismiss be denied. The defendant filed objections to the magistrate judge's report and recommendation. In his objections, the defendant contends that the charge of being a felon in possession of firearms should be dismissed, because it violates a plea agreement he entered into with the County Attorney for Chase County,

Nebraska. Specifically, he objects on the grounds that: (1) the parties to the plea agreement intended the federal government to be bound by the terms of the agreement; (2) he fully complied with that agreement; and (3) he stood ready, willing and able to comply with all the terms of the agreement.

**Facts**

The record shows that in January 2005, Nebraska State Patrol Investigator Balthazor assisted in a domestic disturbance call at the residence of defendant Tommy Whitesel. Tr. 4:18- 5:8. Following that incident, Investigator Balthazor contacted the defendant with regard to a plea agreement drawn by the County Attorney for Chase County, Nebraska, in which he would cooperate with the State Patrol in a drug related matter. *Id.* at 6:7- 7:8; 7:24- 8:7; 9:1-22. Investigator Balthazor told the defendant that, in exchange for his cooperation, he would not be fully prosecuted for all events related to the domestic disturbance incident. *Id.* at 9:1-22. This plea agreement provided that the county attorney had information which indicated that the defendant was guilty of one or more counts of being a felon in possession of a firearm and that he intended to file those charges against the defendant. See Plea Agreement, Defendant's Exhibit 101 (Filing No. 23). The plea agreement also provided that the county attorney had information which showed that the defendant was guilty of domestic assault or third degree assault and that he also intended to file those charges against the defendant as well. *Id.* However, the plea agreement provided that the county attorney would not file those charges, except for one of disturbing the peace, if: (1) defendant gave information regarding illegal drug activities; (2) defendant testified regarding those activities; (3) defendant made two

controlled drug buys from two different persons as requested by the Nebraska State Patrol; (4) defendant testified as requested by the prosecutor; and (5) defendant pled guilty to the charge of disturbing the peace. Id.

Investigator Balthazor testified that, on March 2, 2005, he met with defendant concerning the plea agreement. Tr. 9:23- 10:17; 13:16- 14:2. At that meeting, those present included Nebraska State Patrol Special Agent Matt Brodecky and Alcohol, Tobacco and Firearms (ATF) Agent Kevin Rush. *Id.* However, the county attorney did not attend. *Id.* at 25:21- 26:5. During the meeting, Investigator Balthazor and Agent Rush explained the potential charges of felon in possession in state court and federal court to the defendant, the defendant signed the plea agreement and gave the officers information regarding illegal drug activities. *Id.* at 14:7- 15:16; 16:20-23. In addition, the defendant agreed to make some purchases of illegal drugs, as required by the plea agreement. *Id.* at 17:6- 18:11; 27:12-17.

Investigator Balthazor testified that he specifically requested that defendant make separate purchases from three individuals identified as Mr. B, Mr. Pankonin and Mr. S. *Id.* According to Investigator Balthazor, the defendant, equipped with electronic recording devices and money, made two or three attempts on separate days to purchase illegal drugs. *Id.* at 17:10-14; 20:10-13; 23:20-24. According to Investigator Balthazor, he listened to and monitored the defendant's contacts with Mr. Pankonin and Mr. B with the electronic recording device attached to the defendant. *Id.* at 19:12- 20:9; 27:25- 28:9. Investigator Balthazor testified that on one or two occasions he monitored the defendant's attempts to purchase drugs. However, on the occasion defendant approached Mr. B,

Investigator Balthazor could not monitor the encounter well because the defendant had the recording device in his pocket. *Id.* at 19:1-5; 28:13- 29:1. Investigator Balthazor, however, testified that when the defendant approached Mr. B, he did not attempt to buy drugs. *Id.* at 19:12- 20:9. Rather, their conversation concerned a firearm traded with the defendant for drugs. *Id.* In addition, Investigator Balthazor testified that he did not know if defendant ever contacted Mr. S. *Id.* at 18:9-14; 27:6-11. Investigator Balthazor testified that when defendant approached Mr. Pankonin, he did not hear (through the electronic recording device) any conversation about drugs. *Id.* at 27:25- 28:9. According to Investigator Balthazor, defendant only asked Mr. Pankonin if he had seen Mr. B. Id.

Investigator Balthazor testified that the defendant failed to make any purchases from any of the subjects he approached by the date specified in the plea agreement. *Id.* at 26:25- 27:1. According to Investigator Balthazor, the defendant received an extension to complete the two purchases required by the plea agreement. *Id.* at 29:4-25. However, even after that extension, Investigator Balthazor testified that the defendant still failed to make the two purchases. *Id.* As a result, on May 15, 2005, Investigator Balthazor testified that he prepared a document which terminated the defendant as a confidential informant or cooperating individual. Id; see also Government's Exhibit 1 (Filing No. 23). Investigator Balthazor, however, indicated that he felt defendant completed the part of the agreement which requires defendant to cooperate with law enforcement authorities, that defendant informed him that he had previously purchased drugs from Mr. Pankonin, and that Mr. Pankonin had been arrested. *Id.* at 26:17-20; 34:11-16.

Based on these facts, the magistrate judge denied the defendant's motion to dismiss. In doing so, the magistrate judge found: (1) that the defendant's plea agreement from the state court is not binding upon the federal government; (2) that defendant breached that plea agreement; and (3) that there is no evidence which indicates that defendant entered a plea in state court. Based on these findings, the magistrate judge concluded that defendant's motion seeking to dismiss the indictment which charges him with being a felon in possession of a firearm should be denied. The court now turns to the objections filed by the defendant.

**Discussion**

*Does the defendant's state plea agreement bind the federal government?*

In this case, the defendant alleges that the federal government is bound by the state's plea agreement because the parties to the agreement intended the federal government to be bound by it. The court disagrees. Agreements made by state agents cannot be enforced against the United States because state agents are without authority to bind federal proceedings. *Hendrix v. Norris*, 81 F.3d 805, 807 (8th Cir. 1996) ("'state prosecutors cannot bind federal prosecutors without the latter's knowledge and consent'") (quoting *United States v. Fuzer*, 18 F.3d 517, 520 (7th Cir. 1994)). Here, nothing in the record indicates that any of the officers involved in drawing or negotiating the state's plea agreement had the authority to bind the federal government to the terms of that agreement. Defendant contends that Investigator Balthazor presented the agreement to him and that he was acting on behalf of the federal government. However, nothing in the record indicates that Investigator Balthazor had any authority to negotiate an agreement on behalf

5

of the federal government.  *See Magalli-Olvera v. I.N.S.*, 43 F.3d 345, 353 (8th Cir. 1994) (the United States' authorization to enter into an agreement must be in the form of actual authority, which could be express or implied, i.e., incidental to a grant of express authority) (citation omitted).  In this case, the record is devoid of any evidence establishing that Investigator Balthazor or any other officials involved in the drawing or negotiation of the plea agreement are authorized to make promises to the defendant on behalf of the federal government.  Accordingly, the state's plea agreement with the defendant is not enforceable against the federal government.

Furthermore, the language of the plea agreement clearly states that two parties are involved in the state's plea agreement, the county attorney and the defendant.  No other parties are mentioned in the agreement or signed the agreement.  Nothing in that document indicates that the federal government is a party or that the federal government consented to be bound by the agreement.  In addition, nothing is mentioned regarding a future federal prosecution against the defendant.  *See Fourth Street Pharmacy v. United States Dep't of Justice,* 836 F.2d 1137, 1139 (8th Cir. 1988) ("neither plea agreements negotiated by state prosecutors to which the federal government is not a party, nor subjective expectations of the parties regarding future federal action prevent federal agencies from independently enforcing compliance with federal law.") (citation omitted).  Accordingly, the court determines that the magistrate judge correctly concluded that the state's plea agreement did not bind the federal government.

However, even if the court determined that the federal government is bound by the defendant's state plea agreement, the defendant still would not be entitled to dismissal of

the federal charge against him because he breached the plea agreement. *See United States v. Britt,* 917 F.2d 353, 359 (8th Cir. 1990) (plea agreements are contractual in nature and are interpreted according to general contract principles). Here, the agreement specifically provides that the defendant must make two purchases within a certain time. The record indicates that the defendant failed to comply with that requirement. In fact, the record indicates that he failed to fulfill that part of the agreement even after he received an extension on his deadline. Accordingly, the defendant breached the plea agreement, and he would not be entitled to receive the benefits of that agreement even if it bound the federal government. Defendant alleges that he was ready to make the purchases. However, the plea agreement states that he must actually make the purchases and he failed to do so. Consequently, the defendant breached the plea agreement and cannot receive the benefit of that agreement. Furthermore, as the magistrate judge noted, the record does not indicate that defendant ever entered a plea of guilty to the one count as contemplated by the plea agreement. Clearly, defendant is not entitled to the benefit of an agreement he breached.

Based on the foregoing, the court determines that the defendant's state plea agreement is not binding on the federal government. Therefore, the defendant's motion to dismiss the federal indictment, which charges him with being a felon in possession of a firearm, must be denied.

IT IS, THEREFORE, ORDERED:

1.   That defendant's motion to dismiss, Filing No. 14, is denied.

2. That the defendant's objections, Filing No. 27, to the report and recommendation of the magistrate judge are overruled.

3. That the report and recommendation of the magistrate judge, Filing No. 24, is adopted in its entirety.

DATED this 28th day of October, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
Joseph F. Bataillon
United States District Judge